UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILL M. OGAN,<br><br>                Plaintiff,<br><br>  vs.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS AGENCY'S ADMINISTRATIVE POLICY MAKERS, et al.,<br><br>                Defendants. | NO. CV-11-5016-WFN<br><br>ORDER DENYING MOTIONS AND DIRECTING A COPY OF COMPLAINT AND DOCKET SHEET BE SENT TO PLAINTIFF |

BEFORE THE COURT are Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief (ECF No. 4), an "Addendum of Facts in Support of Motion for (T.R.O.) Relief" (ECF No. 11), an "Emergency Motion Asking the Court to Instruct Executive Clerk Larsen to Perform his Legal Duty by Filing Plaintiff's Submitted Motions Immediately with the Court" (ECF No. 13), and a Motion for Complete Copies (ECF No. 15). Plaintiff, a prisoner at the Washington State Penitentiary is proceeding *pro se* and *in forma pauperis*; Defendants have not been served. Plaintiff noted his motions for hearing on February 18, 2011. They were heard with out oral argument on the date signed below.

By separate Order, the court has advised Mr. Ogan of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. In his Motion for Temporary Restraining Order and Injunctive Relief, Plaintiff appears to be requesting this court's intervention in the medical care he is receiving at the Washington State Penitentiary, as well as relieving Plaintiff from a "statewidespread retaliation and abuse policy." The court, however, has no jurisdiction to address Plaintiff's motion until he has filed a legally sufficient

ORDER DENYING MOTIONS-- 1

complaint. *See generally* Fed. R. Civ. P. 3 and the notes following the rule. Furthermore, Defendants are not parties to a suit before being served with process, *see Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, **IT IS ORDERED** Plaintiff's Motion (ECF No. 4) is **DENIED**.

Plaintiff has also asked the court to direct the District Court Executive to file his motions. Plaintiff's motions were filed when they were received. Therefore, **IT IS ORDERED** Plaintiff's Motion (ECF No. 13) is **DENIED as moot.**

In his latest Motion, Plaintiff requests complete copies of all the documents he has submitted in this action. He contends prison officials have told him their copy machine won't accept his paperwork, thus denying him legal copies. Plaintiff does not state he has sought and been denied other means of duplicating his documents such as carbon paper.

In any event, the Office of the District Court Executive does not provide free photocopy services. Copies are provided at a cost of $.50 per page. As a courtesy, the District Court Executive **SHALL** provide Mr. Ogan a copy of the docket sheet in CV-11-5016-WFN, as well as one copy of his initial 44 page complaint. If Plaintiff wishes additional copies, he shall identify the document. The District Court Executive will then advise him of the number of pages and the cost. Once the fee has been paid, the copies will be sent to Plaintiff. Accordingly, **IT IS ORDERED** Plaintiff's Motion (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order nd forward a copy to Plaintiff.

**DATED** this 8th day of March 2011.

s/Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE